IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SONNY MELENDREZ,

    Petitioner,

v.                                                                                                 No. 18-cv-992 KWR-SCY

MARK BOWEN,

    Respondent.

**OPINION AND ORDER TO SHOW CAUSE**

      Before the Court is Sonny Melendrez's *pro se* 28 U.S.C. § 2241 Habeas Corpus Petition. Doc. 1, supplemented by Doc. 9. Melendrez challenges his prison disciplinary proceeding. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Melendrez to show cause why the Petition should not be dismissed without prejudice for failure to exhaust state remedies.

**I. Background**

      Melendrez is an inmate at the Northeast New Mexico Detention Facility (NNMDF). He alleges prison officials violated the Double Jeopardy Clause and the Fifth Amendment when they revoked his good-time credits. Doc. 1 at 1, 5. The discipline was imposed after prison officials allegedly found 136 grams of narcotics in his possession. *Id.* at 21. The narcotics purportedly included marijuana, hashish, black tar heroin, and brown heroin. *Id.* at 33. In addition to revoking good-time credits, prison officials also placed Melendrez in disciplinary segregation for 120 days. *Id.* at 21. Melendrez contends prison officials revoked the good-time credits in an arbitrary and capricious manner. *Id.* at 9. He also appears to contend prison officials violated New Mexico Department of Corrections (NMDC) policies relating to notice, investigation, and issuance of the

misconduct report. *Id.* at 18-19.

Melendrez filed the federal § 2241 Petition on October 19, 2018. Doc. 1. He asks the Court to reinstate forfeited good-time credits. *Id.* at 10. Melendrez paid the $5.00 filing fee, and the matter is ready for initial review.

## II. Initial Review of Petition

The Petition is governed by Habeas Corpus Rule[1] 4 and 28 U.S.C. § 2241. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Relief is only available under § 2241 where the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3) (courts must determine whether petitioner "is in custody in violation of the Constitution or laws or treaties of the United States"); *Yellowbear v. Wyo. Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) ("Section ... 2241 is a vehicle for challenging pretrial detention."). "A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 or [28 U.S.C.] § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "Sua sponte consideration of exhaustion of state remedies . . . is explicitly permitted" where, as here, the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008); *see also United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir.

---

[1] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010. The Court, in its discretion, applies those rules to the § 2241 petition. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying Section 2254 Rules to a section 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (citing Rule 4, and noting courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies…may be may be raised by a court sua sponte . . . . [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." *Id.* The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

The Petition clearly reflects that Melendrez did not present his federal issues to any New Mexico state court. In the section addressing exhaustion of available remedies, Melendrez wrote: "SEE ALL EXHAUSTION APPEAL DOCUMENTS [EN]CLOSED . . . ." *Id.* at 4. The documents attached to the Petition consist of internal disciplinary appeal records bearing the NMDC caption or letterhead and other internal documents relating to the disciplinary proceedings. *Id.* at 11-51. Melendrez also filed an addendum to the Petition, which attaches the internal NMDC disciplinary decision and related evidence. Doc. 9 at 9-11. There are no state court filings in the exhibits submitted by Melendrez. The Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms the failure to exhaust, https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Melendrez has not filed a state habeas petition regarding good-time credits or prison discipline.

For these reasons, the Court will require Melendrez to show cause why his § 2241 action should not be summarily dismissed for failing to exhaust state remedies. Melendrez must file his show-cause response within thirty (30) days of entry of this Order. If Melendrez concedes the point or otherwise fails to timely respond, the Court will dismiss this action without prejudice to refiling after he has exhausted his state court remedies.

**IT IS FURTHER ORDERED** that within 30 days of entry of this Order, Melendrez must show cause in writing why his § 2241 habeas action should not be summarily dismissed for failure to exhaust state remedies.

_____
UNITED STATES MAGISTRATE JUDGE