IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SONNY MELENDREZ,

    Petitioner,

v.                                                                No. 18-cv-992 KWR-SCY

MARK BOWEN,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on Sonny Melendrez's *pro se* 28 U.S.C. § 2241 Habeas Corpus Petition (Doc. 1, supplemented by Docs. 9, 12). Melendrez challenges his prison disciplinary proceeding and asks the Court to reinstate forfeited good-time credits. The Court previously directed him to show cause why the § 2241 proceeding should not be dismissed for failure to exhaust state remedies. Having reviewed the show-cause response and applicable law, the Court will dismiss the Petition without prejudice.

**I. Background**

    Melendrez is an inmate at the Northeast New Mexico Detention Facility (NNMDF). He alleges prison officials violated the Double Jeopardy Clause and the Fifth Amendment when they revoked his good-time credits. (Doc. 1 at 1, 5). The discipline was imposed after prison officials allegedly found 136 grams of narcotics in his possession. *Id.* at 21. The narcotics purportedly included marijuana, hashish, black tar heroin, and brown heroin. *Id.* at 33. In addition to revoking good-time credits, prison officials also placed Melendrez in disciplinary segregation for 120 days. *Id.* at 21. Melendrez contends prison officials revoked the good-time credits in an arbitrary and capricious manner. *Id.* at 9. He also appears to contend prison officials violated New Mexico

Department of Corrections (NMDOC) policies relating to notice, investigation, and issuance of the misconduct report. *Id.* at 18-19.

In this § 2241 proceeding, Melendez asks the Court to strike any disciplinary charges from his prison record and reinstate forfeited good-time credits. (Doc. 1 at 10. By an Order entered February 14, 2020, the Court directed Melendrez to show cause why the § 2241 Petition should not be dismissed for failure to exhaust state remedies. Melendrez filed his Motion for Order to Show Cause on March 9, 2020 (Doc. 14). He urges the Court to excuse the exhaustion requirement and review the merits of his habeas claims. The Court will construe the Motion (Doc. 14) as a show-cause response.

## II. Discussion

The Petition is governed by Habeas Corpus Rule 4[1] and 28 U.S.C. § 2241. Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer…." *Id.*

Relief is only available under § 2241 where the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3) (courts must determine whether petitioner "is in custody in violation of

---

[1] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010. The Court, in its discretion, applies those rules to this § 2241 proceeding. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying Section 2254 Rules to a section 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (citing Rule 4, and noting courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

the Constitution or laws or treaties of the United States"). "A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "Fair presentation, in turn, requires that the petitioner raise in state court the 'substance' of his federal claims." *Williams v. Trammell*, 782 F.3d 1184, 1210 (10th Cir. 2015). "Sua sponte consideration of exhaustion of state remedies ... is explicitly permitted" where, as here, the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008). *See also United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies…may be may be raised by a court *sua sponte*").

As noted in the Order to Show Cause, the Petition clearly reflects that Melendrez did not present his federal habeas claims to any New Mexico state court. In the section addressing exhaustion of available remedies, Melendrez wrote: "SEE ALL EXHAUSTION APPEAL DOCUMENTS [EN]CLOSED…." (Doc. 1 at 4). The documents attached to the Petition consist of internal disciplinary appeal records featuring the NMDOC letterhead and other internal documents relating to the disciplinary proceedings. *Id.* at 11-51. Melendrez also filed two addendums to the Petition, which attach the internal NMDOC disciplinary decision, related evidence, and an "inmate request form" seeking information about a correctional official. (Doc. 9 at 9-11; Doc. 12 at 6). There are no state court filings in the exhibits submitted by Melendrez. The Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and

appellate filings, also confirms the failure to exhaust state remedies. The SOPA system reflects that Melendrez has not filed a state habeas petition regarding good-time credits or prison discipline. *See* https://securecourtcaseaccess.nmcourts.gov.

In his show-cause response, Melendrez appears to concede he has not exhausted state remedies. However, he asks the Court to excuse the exhaustion requirement because:

(a) A correctional officer (Sergeant Stebrasse) requested drugs and/or sexual acts from Melendrez, and Stebrasse was later terminated for sexual misconduct;

(b) Stebrasse's mother works for the Union County Sheriff's Office;

(c) Other correctional officers are related to employees of New Mexico's Eighth Judicial District Court (State Court), where Melendrez would have to file his state habeas petition to satisfy the exhaustion requirement;

(d) The State Court allegedly makes "pro-State rulings" and is "extreme[ly] prejudice[d]" against inmates.

(Doc. 14 at 2).

The exhaustion requirement can only be excused in the "absence of available State corrective process or because [the] process [is] ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). In other words, there must be "no opportunity to obtain redress in state court" or the corrective process must be "so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). Melendrez has a statutory right to file a state habeas petition "challeng[ing] the unconstitutional deprivation of good-time credits" following a disciplinary proceeding. *Perry v. Moya*, 289 P.3d 1247, 1249 (N.M. 2012); *see also* N.M.S.A. 1978 § 44-1-1 ("Every person imprisoned … may prosecute a writ of habeas corpus" if "such imprisonment … proves to be unlawful."). If Melendrez does not obtain relief from the trial court, he can exhaust his claims by filing a direct appeal with the New Mexico

Supreme Court. *See* Rule 12–102(A)(3) NMRA.

Considering these procedures and Melendrez's allegations, he has not "affirmatively shown that resort[ing] to [State Court remedies] would be useless." *Clonce v. Presley,* 640 F.2d 271, 273 (10th Cir. 1981). There appears to be no nexus between Stebrasse's misconduct and Melendrez's ability to prosecute a state habeas proceeding. Further, the "conclusory allegations of general bias" by the State Court, Union County, or its employees are insufficient to establish futility to excuse Melendrez from exhausting state court remedies. *Crank v. Jenks*, 224 Fed. App'x. 838, 839 (10th Cir. 2007) (addressing exhaustion in § 2241 proceedings). The "pertinent question" is not whether the state court would be inclined to rule in the habeas petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim. *See Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000). As noted above, New Mexico law provides a procedure for challenging prison disciplinary proceedings and the revocation of good-time credits. The Court therefore cannot excuse the exhaustion requirement in this case.

Based on the forgoing, the Court will dismiss this proceeding without prejudice and terminate the Motion for Order to Show Cause, which is construed as a show-cause response. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as Melendrez has not demonstrated reasonable jurists would likely debate this ruling or find a constitutional violation. *See* 28 U.S.C. § 2253(c)(2) (setting forth the standard for granting a certificate of appealability); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same).

**IT IS ORDERED** that Sonny Melendrez's 28 U.S.C. § 2241 Habeas Corpus Petition (Doc. 1, supplemented by Docs. 9, 12) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered.

**IT IS FURTHER ORDERED** that upon closing the case, the Clerk's Office shall **TERMINATE** the pending Motion for Order to Show Cause (**Doc. 14**), which is construed as a show-cause response.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE